IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LARRY AUSTIN #K-84636,       )
                             )
            Plaintiff,       )
                             )
      v.                     )    No. 12 C 9824
                             )
SUPT. HOWELL, et al.,        )
                             )
            Defendants.      )

## MEMORANDUM OPINION AND ORDER

Larry Austin ("Austin") has just filed a 42 U.S.C. §1983[1] Complaint against three defendants affiliated with the Cook County Jail--Superintendent Howell, Sergeant Flemings and Officer Malloy--based on his having been exposed deliberately to a violent beating at the hands of fellow inmates who were members of a rival gang--a danger about which Austin had expressly told those defendants.[2] This memorandum opinion and order is issued sua sponte because of a critical omission from Austin's Complaint.

First, however, this Court turns to the subject of the filing fee required of a prisoner such as Austin. In that respect Austin has accompanied his Complaint with an In Forma Pauperis Application ("Application"), which is in turn coupled

---

[1] All further references to Title 42's provisions will simply take the form "Section--."

[2] This Court of course makes no findings on the matter at this threshold stage. Instead it accepts Austin's allegations as true for purposes of this opinion.

with a printout of transactions in his trust fund account at Stateville Correctional Center ("Stateville," where he has been in custody for the six-month period made relevant by 28 U.S.C. §1915 ("Section 1915")[3]).

This Court has determined from the Stateville-provided printout that the average monthly deposits to Austin's account during the relevant six-month period (see Section 1915(b)(1)(A)) amounted to $43.65, so that the initial partial filing fee--20% of that figure under the same statute--comes to $8.73. Accordingly the Application is granted to the extent that Austin need not pay the full $350 filing fee in advance, although he must pay the entire fee in current and future installments.

Austin is therefore assessed that initial partial payment of $8.73, and the Stateville trust fund officer is ordered to collect that amount from Austin's trust fund account there and to pay it directly to the Clerk of Court ("Clerk"):

> Office of the Clerk
> United States District Court
> 219 South Dearborn Street
> Chicago IL 60604
>
> Attention:  Fiscal Department

Both that initial payment and all future payments called for in

---

[3] Even though the shorthand abbreviation "Section --" will be employed both for that statute and for provisions of Title 42, that dual usage should not prove confusing because of the difference in numbering (only two provisions of Title 28, Sections 1915 and 1915A, are implicated here).

this opinion shall clearly identify Austin's name and the 12 C 9824 case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this memorandum order to the Stateville trust fund officer.

After such initial payment, the trust fund officer at Stateville (or at any other correctional facility where Austin may hereafter be confined) is authorized to collect monthly payments from Austin's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid.

To turn to Austin's substantive claim, which Complaint ¶IV sets out in great detail, this Court's screening under Section 1915A(a) has noted his total silence on the statutory precondition to any Section 1983 action by a prisoner dealing with prison conditions--the Section 1997e(a) requirement that the prisoner must have exhausted all available administrative remedies <u>before</u> bringing suit. Austin's recital of events speaks only of his up-front alerting of defendants to the serious risk facing him, but nothing that he has said speaks to the statutory precondition.

Because this Court recognizes the difficulty that Austin would face in obtaining documentation from the County Jail

3

personnel, this Court grants his motion for appointment of counsel from this District Court's trial bar and appoints this counsel to represent him pro bono publico:

>   Howard C. Emmerman, Esq.
>   Beermann, Swerdlove, et al.
>   161 North Clark Street - Suite 2600
>   Chicago IL 60601-3221

Appointed counsel's initial task will be to obtain from the County Jail copies of any grievances that Austin may have filed, together with the administrative rulings on those grievances. In the meantime no further action will be taken on Austin's claim.

_____
Milton I. Shadur
Senior United States District Judge

Date: December 12, 2012